UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ALFRED REGALADO,            ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.                                                          ) | Civil Action No. 22-1110 (UNA) |
| ) | |
| CHARLIE DANIELS, *et al.*,          ) | |
| ) | |
| Defendants.     ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1 and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

In a rambling and disorganized fashion, plaintiff alleges that defendants have stolen his identity, *see* Compl. at 6 (page numbers designated by CM/ECF), forged his signature on documents, *see id*. at 6, 9, and "continue today to steal, poison, kill, destroy everything of value" belonging to him and his children, *id.* at 7.  According to plaintiff, defendants are affiliated with terrorists responsible for the bombing of United States Embassies in Africa, *see id.*, and are "involved in organized crime, U.S. Postal Service Fraud, Internal Revenue Service . . . Fraud, and Bank Fraud," *id.* at 3.  There are few facts to support plaintiff's assertions, however, and it is not clear whether or what relief plaintiff demands.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis

1

either in law or in fact" is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  On review of the complaint, the Court concludes that its factual allegations are incoherent, irrational or wholly incredible, rendering the complaint subject to dismissal as frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]").  The Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

      A separate order will issue.


DATE: May 27, 2022

                                            TREVOR N. McFADDEN
                                            United States District Judge